**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DANIS SAIDULLIN,

Petitioner,

v.

WARDEN, Imperial Regional Detention Facility; DANIEL A. BRIGHTMAN, Field Office Director, San Diego Field Office, U.S. Immigration and Customs Enforcement; DAVE VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Homeland Security; TODD BLANCHE, Acting Attorney General, Department of Justice;

Respondents.

Case No.: 3:26-cv-04199-BTM-MMP

**ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 1]**

Danis Saidullin filed a petition for the writ of habeas corpus on July 22, 2026. (ECF No. 1.) Saidullin contends that he entered the country around May 17, 2025, to seek asylum and was immediately detained. (*Id.* ¶ 23–24.) He has been detained nearly fifteen months without receiving a bond hearing. (*Id.* ¶ 25.) He claims that his continued detention without an individualized bond hearing violates the Due Process Clause of the Fifth

Amendment. (*Id.* ¶ 55–78.) He requests that the Court order his release, or in the alternative, a bond hearing before an immigration judge ("IJ"). (*Id.* ¶¶ 4–5, at 20–21.)

The Government "acknowledges that courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention." (ECF No. 4, at 1.) It concedes that the Petitioner is entitled to a bond hearing where the Government bears the burden of showing by clear and convincing evidence that the Petitioner "poses a danger to the community or a risk of flight." (*Id.*) Accordingly, the Court grants the Petitioner's request for a bond hearing.

On or before September 1, 2026, unless the Petitioner requests a continuance, the Government is ordered to grant the Petitioner an individualized bond hearing before a fair, neutral, and open-minded IJ. The IJ shall consider where the Petitioner will reside, who any surety may be, the appropriateness of non-financial conditions, the nine factors for an IJ to consider in an individualized bond hearing as set forth in *Martinez v. Clark*, 124 F.4th 775 (9th Cir. 2024),[1] and any other factors the IJ deems relevant in this particular case. *See also In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006). The burden is on the Government to establish by clear and convincing evidence that the Petitioner is a danger to the community or a risk of flight for which there are no conditions available to him that will deter such risk. *See Sandesh v. LaRose*, No. 26-cv-00846, 2026 WL 622690 (S.D. Cal. Mar. 5, 2026). If the IJ denies bond, the judge must make specific findings as to why the Petitioner is a danger to the community or a flight risk, and the Government must make the audio of the

[1] The nine factors include the following:

> (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

*Martinez*, 124 F.4th at 783 (quoting *In re Guerra*, 24 I&N Dec. 37, 40 (B.I.A. 2006)).

hearing available to the Petitioner's counsel. If the Government fails to comply with this writ, Petitioner can apply to this Court for relief.

The Petitioner argues, however, that "a bond hearing is not an adequate remedy in this case." (ECF No. 5, at 2.) He argues that the immigration courts have become "an instrument of the current administration's enforcement agenda," making them "structurally incapable of providing Petitioners with the impartial tribunal and individualized assessment that due process requires." (*Id.* at 3.) Thus, the Petitioner argues that immigration judges will not be fair and impartial and seeks release as a remedy instead of a bond hearing.

The Court declines to grant outright release for the same reason it discussed in *Singh v. LaRose*:

> If the Petitioner believes that the Respondents or the immigration judge violated this order and the writ, the Petitioner can apply to this Court for appropriate sanctions. If past history is any guide, the Respondents have shown the upmost respect for this Court's judgments and has timely followed them thereby enabling the mutual respect of the Court. There is no reason to believe that the mutual respect for coequal branches of the government will not continue here in the Southern District of California.

2026 WL 684654, at *4. The remedy of release without bond is denied without prejudice.

In conclusion, the petition for a writ of habeas corpus is **GRANTED IN PART**. The Government is ordered to grant Saidullin an individualized bond hearing before a fair, neutral, and open-minded IJ in accordance with the requirements ordered above. The remedy of release without a bond hearing is **DENIED** without prejudice. The parties shall file a joint status report on the result of the bond hearing within forty-eight (48) hours of the bond hearing. If the Government fails to comply with this writ, the Petitioner can apply to this Court for relief. The Court retains jurisdiction to enforce the writ.

**IT IS SO ORDERED.**

Dated: August 17, 2026

Honorable Barry Ted Moskowitz
United States District Judge